UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    **ORDER**
                                                     09-CR-121S

SHANE C. BUCZEK,

            Defendant.

1. Trial in this criminal prosecution will begin on Tuesday, March 2, 2010, at 9:30 a.m., with jury selection. The defendant, Shane C. Buczek, has knowingly and voluntarily elected to defend himself in this action, despite this Court's explicit warnings that doing so will likely be to his detriment. (Docket No. 64.) Currently before this Court are several of Defendant's pretrial requests for relief, all of which are denied.

2. On February 22, 2010, Defendant filed a "Petition to Dismiss for Lack of Ratification of Commencement and No Controversy." (Docket No. 65.) This motion is premised on Federal Rule of Civil Procedure 17(a), which discusses requirements for the real party in interest in a *civil* lawsuit. Because this is a criminal case, the Federal Rules of Civil Procedure do not apply, nor can they serve as a basis for dismissal of the indictment. Accordingly, the "Petition to Dismiss for Lack of Ratification of Commencement and No Controversy" is denied in its entirety.

3. Also on February 22, 2010, Defendant filed an "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim." (Docket No. 66.) Although somewhat difficult to decipher, this document appears to be a charging instrument seeking multi-million dollar damages and other relief under admiralty law against various federal officials. The document recounts incidents that purportedly occurred in the context of this criminal

case, but no cognizable relief, other than perhaps dismissal of the indictment, is requested. To the extent dismissal of the indictment is sought, that request is denied, there being no basis for dismissal. And because this document otherwise is irrelevant to these proceedings, the Clerk of the Court will be directed to strike it from the docket.

4. Defendant's final filing on February 22, 2010, was a document entitled "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest." (Docket No. 67.) At this Court's direction, the government filed a response on February 25, 2010. (Docket No. 69.)

Defendant seeks disqualification of all attorneys in the United States Attorney's Office, including the prosecutors in this case, based on alleged ethical violations, including conflict of interest and the appearance of partiality. Defendant's motion is premised on New York County Law 701, which does not apply in federal court proceedings. Defendant's motion is based on alleged "egregious conduct in pretrial proceedings," and an alleged conflict of interest arising out of a civil suit alleging vindictive prosecution that Defendant recently filed against Assistant United States Attorney Anthony M. Bruce and others.[1]

Having reviewed Defendant's motion, this Court finds no cause for recusal and no cause to proceed with a hearing on the issue. Although this Court offers no opinion on the merits of the civil action, it finds that Defendant has not made even a threshold showing that recusal of the prosecutors in this case, let alone the entire United States Attorney's

---

[1] Defendant seeks $1.954 billion in damages in the civil suit.

Office, is warranted. Indeed, the lead prosecutor in this case, Mary Baumgarten, only recently assumed that role, and she is not named in the civil suit filed by Defendant. Defendant's motion is therefore denied.

5.     On February 24, 2010, Defendant filed a "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce." (Docket No. 68.) Defendant seeks dismissal of the indictment and disqualification of Mr. Bruce. Both requests hinge on Defendant's belief that no "real party of interest" has been identified, and thus, this prosecution has been vindictive. This request is also based on the allegation that Mr. Bruce demanded that Defendant accept a plea disposition.

This Court has orally advised Defendant that his "real party of interest" and other like arguments based on tax protestor or redemption theories are incorrect as a matter of law, irrelevant in these criminal proceedings, and inadmissible at trial, except for the limited purposes discussed. These theories offer no basis for dismissal of the indictment, nor do they require the disqualification of Mr. Bruce, who, in any event, is no longer the lead prosecutor in this case.[2] Further, there is no evidence from which it can be concluded that Mr. Bruce improperly demanded that Defendant accept a plea offer. Defendant's motion is therefore denied.

6.     Defendant has the constitutional right to defend himself in this case, and this Court has found that, although unwise, Defendant is exercising that right knowingly and voluntarily. This Court again warns Defendant that representing himself will likely prove a grave error in judgment, particularly given the disparity in legal knowledge and skill

---

[2] Again, this Court offers no opinion on the merits of Defendant's civil suit.

3

between himself and the prosecutors. Defendant will be (1) held to the Rules of Evidence and Criminal Procedure; (2) precluded from speaking in the first person, as though testifying; and (3) precluded from voicing personal observations when speaking to the jury, questioning witnesses, or commenting on the evidence. Defendant cannot make statements without limitation, cannot receive advice from this Court on rules or legal matters, and cannot have co-counsel. Mr. Comerford has been appointed to serve as stand-by counsel, which is an advisory role. While respecting Defendant's constitutional rights, this Court urges Defendant in the strongest possible terms to allow Mr. Comerford to act as his attorney and defend him in this case.

IT HEREBY IS ORDERED, that Defendant's "Petition to Dismiss for Lack of Ratification of Commencement and No Controversy" (Docket No. 65) is DENIED.

FURTHER, that to the extent Defendant's "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" (Docket No. 66) seeks dismissal of the indictment, it is DENIED.

FURTHER, that the Clerk of the Court is directed to STRIKE Docket No. 66 from the docket.

FURTHER, that Defendant's "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest" (Docket No. 67) is DENIED.

FURTHER, that Defendant's "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce" (Docket No. 68) is DENIED.

SO ORDERED.

Dated: February 26, 2010
       Buffalo, New York

                                    <u>/s/William M. Skretny</u>
                                    WILLIAM M. SKRETNY
                                          Chief Judge
                                    United States District Court