UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. **ORDER**
09-CR-121S

SHANE C. BUCZEK,

          Defendant.

Defendant has filed a multitude of post-conviction motions, some of which are addressed below.

1.    First, relying on his Quorum Clause argument, Defendant seeks [156] reconsideration of this Court's determination that Title 18 of the United States Code was properly enacted into law. Again, the constitutionality of Title 18 has been repeatedly upheld and thus there is no cause for reconsideration. Defendant's [156] Motion for Reconsideration is therefore DENIED.

2.    Second, Defendant filed a [159] Motion to Strike the Indictment and Dismiss this case on the grounds that the Indictment was not signed by a government attorney and one of the prosecutors has not filed a Notice of Appearance. The indictment, however, was properly executed and the rule Defendant cites in support of his argument that a Notice of Appearance is required by the prosecutors is a rule of civil, not criminal procedure. Defendant's [159] motion is DENIED.

3. Third, Defendant has filed several requests for this Court to take judicial notice under Federal Rule of Evidence 201 of various arguments, filings, and incidents raised and referred to by Defendant. Like Defendant's previous requests for judicial notice, these lack merit and are not proper under the rule. Defendant's [160] [175] [176] [177] [178] [179] [180] [187] [188] [189] [190] [191] [192] [193] [194] [195] [196] [197] [198] [199] [200] [201] [202] [203] [204] [205] [207] [208] [209] [210] [211] [212] [214] [216] [217] [219] [220] [221] [222] [223] [226] [227] [228] [229] [237] [238] [239] [245] [246] [263] [269] [270] requests are therefore DENIED.

4. Fourth, Defendant filed documents [173] [186] that purport to be interrogatories on the Court. These requests are improper and therefore DENIED.

5. Fifth, Defendant filed a [174] Second Motion to Dismiss, arguing that this criminal action was brought in violation of his rights under 18 U.S.C. §§ 241, 242. As this Court has previously held, neither of the statutes cited apply in this context and neither serves as a basis for dismissal. Defendant's [174] motion is therefore DENIED.

6. Sixth, Defendant filed a [181] Petition to Settle Dispute With Facts and Law and Order for the Federal Comptroller to Settle the Alleged Debt, which espouses Defendant's familiar tax-protestor type arguments, many of which are difficult to follow and decipher. The relief sought, if any, is unclear. But to the extent the petition seeks any cognizable relief, it is DENIED.

7. Seventh, Defendant filed [213] [218] Judicial Notices & Demands for an Evidentiary Hearing. These motions are denied for the same reasons as Defendant's other judicial notice requests. Moreover, Defendant's requests for evidentiary hearings, at which he would presumably again raise his jurisdictional arguments, is DENIED. Defendant may

raise those issues on appeal, if permitted by the terms of his plea agreement.

8. Eighth, Defendant has filed a [215] Motion for and Notice of Default Judgment against the District Court. This motion, which has no basis in law, appears to seek some sort of relief against this Court for failing to "answer" one or more of his previous motions. To the extent it seeks cognizable relief, Defendant's [215] motion is DENIED.

9. Ninth, Defendant has filed [248] [251] [253] Motions to Dismiss for Lack of Subject Matter Jurisdiction. Defendant again seeks dismissal under the auspices of his Quorum Clause arguments, which are wholly unpersuasive for reasons previously stated. Defendant's [248] [251] [253] motions and requests for hearings are therefore DENIED.

10. Tenth, Defendant has filed a [242] Motion to Dismiss based on conflict of interest, fraud, and lack of subject-matter jurisdiction. Defendant's subject-matter jurisdiction arguments based on the Quorum Clause have no merit and are denied. Defendant's fraud and conflict-of-interest arguments are premised on the notion that all federal courts have a financial interest in criminal cases because all crimes are commercial and involve bonds. This argument has been repeatedly rejected and is again rejected now. Moreover, Defendant alleges a conflict-of-interest based on the fact that his standby counsel once served as a law clerk to this Court. Standby counsel's previous employment with this Court does not create a conflict of interest because he never was assigned to, worked on, or was involved with Defendant's cases. This issue was resolved at the early

stages before the Magistrate Judge at the time of counsel's appointment. Defendant's [242] motion is therefore DENIED.

11. Finally, Defendant filed a [268] Motion for Default Judgment against the government based on its failure to respond to his numerous motions. This Court directed the government to respond to those motions that arguably sought cognizable relief, and the government did so. No response was necessary for this Court to resolve the balance of Defendant's motions. Defendant's motion [268] is therefore DENIED.

IT HEREBY IS ORDERED, that any relief sought in Defendant's motions is DENIED.

SO ORDERED.

Dated: November 3, 2010
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court