UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. **ORDER**
09-CR-121S

SHANE C. BUCZEK,

        Defendant.

1. Currently pending before this Court are several of Defendant's post-trial motions. For the reasons stated below, Defendant's motions are denied.

2. First, Defendant moves to unseal docket numbers 84, 101, 102, 103, 104, and 107. Defendant requests unsealing so that he can obtain certified copies of these documents. No explanation for why certified copies are required is provided. Docket numbers 101 and 103, which are redacted jury verdict forms, are not sealed and therefore do not require unsealing. Docket numbers 84, 102, 104, and 107, contain juror identification information. No good cause is provided for why this information should be unsealed. Defendant's generic assertion that he simply wants to obtain certified copies of these documents does not constitute good cause for unsealing. Defendant's motion is therefore denied.

3. Second, Defendant moves for default judgment against the government on the basis that it did not file a timely response to his post-trial motions for a new trial. Along with being procedurally defective — Defendant cites to a rule of federal *civil* procedure — the motion is substantively incorrect. The government moved to extend its time to file a response to Defendant's motions, which this Court granted. (See Docket No. 169.) The government filed its responses by the extended deadlines set by this Court. Defendant's

motion is therefore denied.

4.	Third, Defendant filed four motions seeking a judgment of acquittal or new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure. In the first motion, Defendant argues that his conviction is constitutionally defective because this Court failed to advise him of the dangers and disadvantages of self-representation at the time he elected to proceed *pro se* with his defense. See, e.g., Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Both this Court and the Magistrate Judge, however, advised Defendant of the dangers and disadvantages of self-representation on a number of occasions. (See, e.g., Docket Nos. 7, 8, 9, 114.) Each time Defendant made a knowing and voluntary choice to proceed with his defense without the benefit of full legal representation. Defendant fully understood his right to counsel and elected to waive that right. Although Defendant includes in his motion various questions that he believes this Court should have asked him, there is no required colloquy that courts must employ. See Torres v. United States, 140 F.3d 392, 401 (2d Cir. 1998). The court's task is to ensure that a defendant understands the ramifications of proceeding without counsel and that the choice is knowing and voluntary. Id. The record in this case (and the two others) demonstrates that Defendant was repeatedly warned of the dangers of proceeding *pro se* and that his election to do so was knowing and voluntary. Defendant's motion is therefore denied.

5.	In his second motion, Defendant argues that his conviction is constitutionally infirm because he was denied the opportunity to face his accusers in violation of the Confrontation Clause of the Sixth Amendment. This argument appears to hinge on Defendant's belief that because the criminal case against him was brought in the name of

the United States of America, he was denied his Confrontation right because the United States cannot testify or be cross examined. It is Defendant's belief that only "an individual personally damaged party of HSBC or Best Buy" can directly bring an action against him. This is a variation of Defendant's Redemption Theory and other beliefs that hold no legal merit. This case was properly brought in the name of the United States, as all federal criminal cases are, and Defendant was afforded a full and fair opportunity to confront and cross examine each witness who testified at the trial. Accordingly, Defendant's motion is denied.

6. In his third motion, Defendant contends that his conviction must be vacated because it violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, which is a statute governing the conduct of debt collectors. Again relying on his Redemption Theory and notions that "all crime is commercial," Defendant maintains that the federal prosecutor acted as a debt collector in this case without adhering to the mandates of the FDCPA. This argument warrants little attention; Defendant was not charged with violating the FDCPA, nor does the government act as a "debt collector" in a federal criminal prosecution. Put simply, the FDCPA has no application to this case. And to the extent Defendant's motion challenges the sufficiency of the evidence demonstrating his criminal intent, this Court finds that the evidence at trial more than adequately supported the jury's guilty verdict. Defendant's motion is therefore denied.

7. In his fourth motion, Defendant maintains that his conviction should be vacated because he received ineffective assistance of counsel and his stand-by counsel

was operating under a conflict of interest.[1] Defendant's motion focuses on a ruling by this Court limiting his ability to present evidence of his Redemption Theory and other related theories. Presumably Defendant believes that standby counsel was ineffective by the mere fact that this Court's ruling did not come out in Defendant's favor. Defendant also maintains that standby counsel operated under a conflict of interest because he had previously served as a law clerk to this Court. Neither of these arguments is persuasive. As this Court noted above, Defendant knowingly and voluntarily elected to waive his right to counsel and proceed with his own defense. This Court appointed standby counsel to assist Defendant as he deemed necessary, despite there being no constitutional right to standby counsel. Defendant and his standby counsel did not share the duties of Defendant's representation — Defendant represented himself. See United States v. Morrison, 153 F.3d 34, 36 (2d Cir. 1998) (noting that there is no constitutional right to hybrid representation); Ennis v. LeFebre, 560 F.2d 1072, 1075 (2d Cir. 1977) ("a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney"). Defendant's ineffective assistance of counsel claim is thus foreclosed by his decision to assume his own representation. See Morrison, 153 F.3d at 89-90 ("without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel") (citing United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997). Finally, Defendant's argument that his standby counsel operated under a conflict of interest has been rejected by this Court before, but it bears noting that although

---

[1] Consideration of Defendant's ineffective assistance of counsel claim at this stage is permissible. See United States v. Brown, No. 08-1207, 2010 WL 4069002, at *6 (2d Cir. Oct. 19, 2010) (holding that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding").

standby counsel served as a law clerk to this Court, he was not involved in Defendant's case. Moreover, Defendant was on notice of standby counsel's previous employment with this Court at the early stages of this litigation and raised no objection at that time or any other time during the course of the proceedings. (See Docket Nos. 34, 142, 158.) Defendant did not receive ineffective assistance of counsel and his standby counsel did not operate under a conflict of interest. Defendant's motion is therefore denied.

He also suggests that counsel was ineffective because he did not pursue evidence in support of Defendant's beliefs. Defendant's arguments relating to the Motion in Limine

IT HEREBY IS ORDERED, that Defendant's Motion to Unseal Records (Docket No. 206) is DENIED.

FURTHER, that Defendant's Motion for Default Judgment (Docket No. 167) is DENIED.

FURTHER, that Defendant's Motions for a Judgment of Acquittal or New Trial (Docket Nos. 134, 137, 139, 143) are DENIED.

SO ORDERED.

Dated: November 4, 2010
      Buffalo, New York

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court