-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                        **DECISION and ORDER**
            -v-                                          09-CR-121S

SHANE BUCZEK,

                Defendant.

On November 5, 2010, Defendant, Shane Buczek, appearing *pro se*, with stand-by counsel, following a jury trial, was sentenced to a term of imprisonment of 27 months on Count 1 (bank fraud, in violation of 18 U.S.C. § 1344), to run concurrent to the sentences imposed on Count I of 09-CR-141S and Count 3 of 08-CR-54S.  Additionally, he was sentenced to six months on Count 2 (committing an offense while on pre-trial release, in violation of 18 U.S.C. § 3147), to run consecutive to Count 1 of this case and Count 1 of 08-CR-54S and Count I of 09-CR-141S.  He also was sentenced to a five-year term of Supervised Release on Count 1, and a three-year term on Count 2, to run concurrent to each other and the sentences in 09-CR-141S and 08-CR-54S.  (Docket No. 279.)  A Judgment of Conviction was entered on November 9, 2010.  (Docket No. 280.)  Buczek filed a Notice of Appeal on November 19, 2010.  (Docket No. 283.)

Buczek has now filed what he has titled a "Void Judgment Motion," pursuant to Fed.R.Civ.P. 60(b)(4) and Fed.R.Evid. 301 and 302.  (Docket No. 292.)[1]  The Motion specifically states "Do Not Treat as a 28 U.S.C. § 2255 or Other Habeas Petition."  (*Id.*)  Buczek claims, as he has repeatedly in the past, that the Judgment is void because the Court did not have jurisdiction over the offenses charged and for which he was convicted.  For the reasons discussed below, the Motion is denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides a procedural mechanism to seek relief from a final judgment or order in a *civil* case.  Defendant cannot seek relief from his Judgment of Conviction pursuant to Rule 60(b) because the Rule applies to civil actions only.  *E.g.*, *United States v. Porter*, No. 03-CR-0129 (CPS), 2008 WL 64668, at *1 (E.D.N.Y., Jan. 3, 2008); *United States v. Tate*, No. 3:01CR98(SRU), 523 F.Supp.2d 165, 168 (D.Conn., 2007); *United States v. Smith*, 498 F.Supp.2d 517, 519 (N.D.N.Y. 2007); *see also* Fed.R.Civ.P. 1 (stating that the *Federal Rules of Civil Procedure* govern only suits that are civil in nature).

Buczek's criminal proceedings are governed by the Federal Rules of Criminal Procedure.  Rule 33 of those rules allows a defendant to seek a new trial, but a motion under Rule 33 must be made within 14 days after a finding of guilty, unless the motion is

---

[1]Buczek has filed numerous motions, both before and after the jury verdicts and sentence, attacking, *inter alia*, the Indictment and conviction on a number of grounds, primarily related to the Court's subject-matter jurisdiction (*e.g.*, Docket Nos. 124, 130, 131, 134, 137, 139, 141, 143, 147, 148, 156, 159, 160, 175, 176, 177, 178, 179, 180, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 208, 209, 210, 211, 212, 214, 216, 217, 219, 220, 221, 222, 223, 226, 227, 228, 229, 237, 238, 239, 245, 246, 263, 269, 270, 173, 186, 174, 181, 213, 218, 215, 248, 251, 253, 242, 268), all of which have been denied (*e.g.*, Docket Nos. 150, 151, 276).

based on "new evidence."[2]   Fed.R.Crim.P. 33(b)(2).   If the motion is based on new evidence, the motion must be made within three years after a finding of guilty, and if an appeal is pending, the district court may not grant the motion. *Id.*; Rule 33(b)(1).   Rule 34(a)(2) allows a defendant to move to arrest judgment if the court does not have jurisdiction of the offense charged, but a motion under Rule 34 must also be made within 14 days after the court accepts the guilty verdict.  Fed.R.Crim.P. 34(b).  Buczek's Motion is not based on new evidence and, if the Court were to construe it as one seeking relief under either Rule 33 or 34, it would be denied as untimely.

Typically, when a *pro se* litigant files a post-conviction motion, putatively brought under some other provision, the Court would be required to convert the motion, upon notice and an opportunity to withdraw the motion, to one brought under 28 U.S.C. § 2255. *See Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*). However, Buczek has specifically noted in the Motion that he does not wish the Motion to be construed as a Motion to Vacate under 28 U.S.C. § 2255 and, therefore, the Court will not convert the instant Motion to one brought under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED, that Defendant Shane Buczek's Motion to Void the Judgment (Docket No. 292) is DENIED.

---

[2]Because defendant is pro se, the Court is required to construe his submissions liberally.  See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006).

3

FURTHER, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order.[3] *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

Dated:      March 4, 2011
            Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[3]The Court has granted Buczek permission to proceed as a poor person on his appeal from the Judgment of Conviction entered in this Court.  (Docket No. 285.)  That permission is not disturbed by this Decision and Order.