UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHANE C. BUCZEK ) <br>         Defendant, ) <br> ) | Docket No. <br> 1:09CR 00121-001 ✓ <br><br> MOTION FOR RETURN <br> OF SEIZED PROPERTY <br> PURSUANT TO RULE 41(g) |

\*   \*   \*   \*   \*   \*   \*   \*

COMES NOW, the Defendant, Shane C. Buczek, appearing Pro Se, and files this MOTION and respectfully requests from this Court, that since I am unlearned at law, that I not be held to the strict standards as an attorney would be, and that I be given the leeway mandated by Haines v. Kerner, 404 U.S. S.Ct 519, 520 (1972).

[FILED APR 2 2012 MICHAEL J. ROEMER, CLERK]

### STATEMENTS OF FACT

1) On April 21, 2009, the Defendant was charged in a two count indictment.

2) Within said indictment there was NOT and reference of forfeiture allegations at any time, nor was reference made at sentencing.

3) Pursuant to Federal Rules of Criminal Procedure (FRCrP) 32.2 (a) "forfeiture allegations must be contained in indictment information."

4) On or about January 16, 2009, the prosecution, through it's affiliate the FBI, seized from the address of 7335 Derby Rd, Derby, New York, all of the specific items listed in EXHIBIT A.

5) Pursuant to FRCrP 32.4 (b) "A court must NOT enter a judgement of forfeiture in a criminal proceeding unless the indictment or information contains NOTICE to the Defendant the the government will seek the forfeiture of property an part of any sentence."

6) Pursuant to FRCrP 32.2 (a) "a court must NOT enter a judgement of forfeiture in a criminal proceeding unless the indictment of information contains

notice to the Defendant that the government will seek the forfeiture of the the property as part of any sentence."

7) The Petitioner NEVER received "forfeiture allegations" as specified and required pursuant to FRCrP 32.2(a).

8) The Defendant NEVER received NOTICE of the government seeking property forfeiture as specified and required pursuant to FRCrP 32.4(b).

9) The Defendant NEVER received NOTICE or judgment from this court pertaining to requirements for a judgement of forfeiture in a criminal proceeding pursuant to FRCrP 32.2(a).

10) The prosecutor did knowingly and willfully violate the requirements of FRCrP 32.2(a) by refusing to include "forfeiture allegations" in the Indictment, and failing to include them at sentencing.

11) The prosecution did knowingly and willfully violate the requirements of FRCrP 32.4(b) be refusing to provide NOTICE that it was seeking property forfeiture against the Defendant.

Based upon the foregoing, and the government's knowing and willful refusal to comply with this court's established Federal Rules of Criminal Procedure the Defendant asks this honorable court to return all of the improperly seized property specifically listed in EXHIBIT "A" attached hereto, to its rightful owner, the Defendant, pursuant to FRCrP 41(g) based upon the facts that:

1) The Defendant is the rightful owner of the seized property;

2) The property is not contraband;

3) The seizure of the property was improper and illegal pursuant to the government's knowing and willful refusal to comply with the law by disobeying the strict guidelines pertaining to forfeiture and seizures in FRCrP 32.2(a) and 32.4(b).

Respectfully submitted this 29 day of March, 2012
"Without Recourse"
By: _Shane Christopher Buczek_
Shane-Christopher:Buczek,
Solvent, Real Party Interest
All Rights Reserved UCC 1-308
Authorize Representative

                                                        c/o 7335 Derby Road
Derby, New York [14047]
Non Domestic Without the U.S.

### CERTIFICATE OF SERVICE

On this ___29th___ day of March 2012, a true and correct copy of Motion for Return of Seized property pursuant to Rule 41(g) was mailed to Jean Marie McCarthy - Deputy Clerk WDNY 2 Niagra SQ Buffalo, NY 14202 by U.S. mail, and the Clerk will serve the United States Attorney's Office in Buffalo, New York by electronic filing which is Court Order: Anthony Bruce U.S. Attorney's Office WDNY 138 Delaware Avenue Buffalo, New York [near 14202] united states of America.

By: _Shane-Christopher : Buczek_

Date   3-29-2012

# Exhibit "A"

## Shane's Property

PRIVATe PRopeRty

# EVIDENCE RECOVERY LOG

PRINT LEGIBLY

PAGE 1 OF 2

## GENERAL INFORMATION

DATE: 01/16/2009
CASE ID: 266M-BF-39552
LOCATION: 7335 Derby Rd, Derby, NY
PREPARER/ASSISTANTS: JRS / JAD

PERSONNEL (Include Initials):

| ITEM # | DESCRIPTION | WHERE FOUND | RECOVERED BY / OBSERVED BY (Last name) | PACKAGING METHOD | COMMENTS (If needed) |
|---|---|---|---|---|---|
| 001 | 52" LCD TV Samsung | Family Room | HCF / JS | box | US Marshal |
| 002 | Universal TV stand | Family Room | HCF / JS | as is | US Marshal |
| 003 | 5.1 Channel Home Theater System Yamaha | Family Room TV stand | HCF / JS | box | US Marshal |
| 004 | Blu Ray DVD Player | Family Room TV stand | HCF / JS | box | US Marshal |
| 005 | Computer Cart and File Cabinet | Office #2 | HCF / JS | as is | US Marshal |
| 006 | Front load steam washer Samsung | Laundry Room | HCF / JS | as is | US Marshal |
| 007 | Front load steam dryer Samsung | Laundry Room | HCF / JS | as is | US Marshal |
| 008 | Sony Portable boombox | Bedroom A | HCF / JS | box | US Marshal |
| 009 | 10 Blu Ray DVDs (5)singles (1)5disk set | Family Room | HCF / MPH | Paper | FBI Evid. |
| 010 | Plantronics wireless headset | Office #2 | JAD / JS | Paper | FBI Evid. |
| 011 | Apple IPod with charger | Office #2 | JAD / JS | Paper | FBI Evid. |
| 012 | Receipts, documents and 2 memory cards | Office #2 | EWG / CH | Paper | FBI Evid. |
| 013 | Magellan Maestro 4250 GPS | Bedroom A closet | GRM / CH | Paper | FBI Evid. |
| 014 | Bonded promissory note GE Money $42,000 | Office #1 bathroom | AMA / TC | Paper | FBI Evid. |

09-CR-121

# EVIDENCE RECOVERY LOG
*PRINT LEGIBLY*

CONTINUATION PAGE
PAGE 2 OF __

## GENERAL INFORMATION (COPY DATA FROM PAGE ONE)

| DATE | CASE ID | LOCATION | PREPARER/ASSISTANTS |
|---|---|---|---|
| 01/16/2009 | 266M-BF-39552 | 7335 Derby Rd, Derby NY | JRS / JAD |

| ITEM # | DESCRIPTION | WHERE FOUND | RECOVERED BY / OBSERVED BY (Last name) | PACKAGING METHOD | COMMENTS (If needed) |
|---|---|---|---|---|---|
| 015 | File Folder labeled "NYC Check Recession, DTC Acct; Money Payed Checks" | Closet b/w Bedroom A and Office #2 | JBB | Paper | FBI Evid. |
| 016 | Documents, receipts, Best Buy Credit Card | Office #2 desk | EG | Paper | FBI Evid. |
| 017 | Kodak camera, carry case and receipts | Office #2 steel file cabinet | CH | Paper | FBI Evid. |
| 018 | Diplomatic Ambassador ID (fake) | Office #2 steel file cabinet | EG | Paper | FBI Evid. |
| 019 | ~~World~~ Passport # 3392802 | Office #2 steel file cabinet | EG | Paper | FBI Evid. |
| 016A | Best Buy Credit Card | Office #2 desk | CH | Plastic | FBI Evid. |

I.D. IS NOT FAKE.
(IS Real NOT FAKE)
By: Marc-Christoph Burgel
Desure Republic
United States of America
(1776)
Common Law

```
12/17/09                          Collected Items for a Case                    ICMIPR05
14:34:07                            Case ID: 266S-BF-39552                      PAGE   2
                                  Collected Item Type: All
                                    Category Type: 1B

Cat/Num                           Acquired/     Charged Out To/    Contributor/
Barcode   Office and Storage Location   Type Chrged Out    Reason        Description
------------------------------------------------------------------------------------
1B13      BF USMS                       G    01/16/2009               SHANE BUCZEK
E4236051                                                              48" STEEL DESK AND FILE CABINET
                                                                      52" LCD TV MODEL LN52A650A1F
                                                                        SN: AL0T3CHQB01458R
                                                                      TV STAND-GLASS & CHROME
                                                                      YAMAHA HOME THEATRE SYSTEM
                                                                      MODEL: HTR6130, SN T079018UW  6PCS
                                                                      SAMSUNG 7-4 CUBIC FEET GAS DRYER MODEL DV448AGP/XAA
                                                                      S/N: W03H54BQA00248X W/PEDESTAL
                                                                      SAMSUNG 4.5 CUBIC FOOT STEAM WASHER MODEL WF448AAP/XAA,
                                                                      ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
                                                                      SAMSUNG BLU-RAY PLAYER MODEL BD-P1500
                                                                      S/N: 02RE6VCG625598W
                                                                      SONY CD CASSETTE BOOM BOX MODEL CFD5350 SN: 1215275

                                                                                    2

1B13      BF Removed
```

```
12/17/09                                                                                                    ICMIPR05
14:34:07                           Collected Items for a Case                                               PAGE   1
                                       Case ID: 2665-BF-39552
                                   Collected Item Type: All
                                       Category Type: 1B
```

| Cat/Num Barcode | Office and Storage Location | | | Acquired/ Type Chrged Out | Charged Out To/ Reason | Contributor/ Description |
|---|---|---|---|---|---|---|
| 1B1 | BF VALU | VS1 | DR1 | V 01/16/2009 | | SHANE C. BUCZEK |
| E4236019 | | | | | | BEST BUY CREDIT CARD #7001062124484055 |
| 1B2 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236032 | | | | | | RECEIPTS/DOCUMENTATION AND 2 MEMORY CARDS |
| 1B3 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236033 | | | | | | DOCUMENTATION/RECEIPTS |
| 1B4 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236034 | | | | | | 1 APPLE IPOD MODEL A1285 SN: 5U8392WV39S |
| 1B5 | BF ECR | CAB10 | SH3 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236035 | | | | | | 1 PLANTRONICS-VOYAGER 520 WIRELESS HEADSET W/CHARGER |
| 1B6 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236036 | | | | | | (1) BONDED PROMISORY NOTE- TO GE MONEY FOR $42,000.00 BY SHANE BUCZEK |
| 1B7 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236037 | | | | | | I.D. FOLDER-DIPLOMATIC AMBASSADOR ID |
| 1B8 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236038 | | | | | | WORLD PASSPORT #539286 |
| 1B9 | BF ECR | CAB10 | SH3 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236039 | | | | | | MAGELLAN MAESTRO 4250 GPS |
| 1B10 | BF ECR | CAB13 | SH2 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236040 | | | | | | 10 BLU RAY DVD'S: DAY AFTER TOMORROW; PATRIOT; IRONMAN; I AM LEGEND; TERMINATOR 2; ULTIMATE MATRIX COLLECTION 5 DISK SET |
| 1B11 | BF ECR | CAB13 | SH2 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236041 | | | | | | KODAK CAMERA/CARRY CASE/RECEIPTS |
| 1B12 | BF ECR | CAB7 | DR1 | G 01/16/2009 | | SHANE CHRISTOPHER BUCZEK |
| E4236042 | | | | | | FILE FOLDER LABELED "DTC CHECK RECESSION" WITH FILES LABELED "DTC ACCOUNT", "MONEY", "PAYED CHECKS" |

*[handwritten:]* Buffalo New York IS outside U.S jurisdiction

[289 US 146] *[handwritten:]* Supreme Court Has Said many time the D.C. Courts Lack Criminal jurisdiction

"when committed within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular state, on board any vessel belonging in whole or in part to the United States" or any of its nationals. And by § 41 of the Judicial Code, U. S. C. title 28, § 102, venue to try offenses "committed upon the high seas or elsewhere out of the jurisdiction of any particular State or district," is "in the district where the offender is found or into which he is first brought." As the offense charged here was committed on board a vessel lying outside the territorial jurisdiction of a state, see Wynne v. United States, 217 U. S. 234, 54 L. ed. 748, 30 S. Ct. 447; United States v. Rodgers, 150 U. S. 249, 265, 37 L. ed. 1071, 1077, 14 <*pg. 1089> S. Ct. 109, and within that of a foreign sovereignty, the court below was without jurisdiction to try and punish the offense unless it was within the admiralty and maritime jurisdiction of the United States.

Two questions are presented on this appeal, first, whether the extension of the judicial power of the Federal government "to all cases of admiralty and maritime jurisdiction," by Art. 3, § 2 of the Constitution confers on Congress power to define and punish offenses perpetrated by a citizen of the United States on board one of its merchant vessels lying in navigable waters within the territorial limits of another sovereignty; and second, whether Congress has exercised that power by the enactment of § 272 of the Criminal Code under which the indictment was found.

[1]The court below thought, as appellee argues, that as § 8 of Art. 1 of the Constitution specifically granted to **Congress the power "to define and punish piracies and felonies committed on the high seas**, and offenses against the law of nations," and "to make rules concerning captures on land and water," that provision must be regarded as a limitation on the general provision of § 2 of Art. 3, that the judicial power shall extend "to all cases of admiralty and maritime jurisdiction;" that as the specific

[289 US 147] *[handwritten:]* Also See Article I Sec. 8. Cl. 17

grant of power to punish offenses outside the territorial limits of the United States was thus restricted to offenses occurring on the high seas, the more general grant could not be resorted to as extending either the legislative or judicial power over offenses committed on vessels outside the territorial limits of the United States and not on the high seas.

Before the adoption of the Constitution, jurisdiction in admiralty and maritime cases was distributed between the Confederation and the individual states. Article 9 of the Articles of Confederation provided that "the United States, in Congress assembled, shall have the sole and exclusive right and power . . . of establishing rules for deciding in all cases, what captures on land or water shall be legal, . . . appointing courts for the trial of piracies and felonies committed on the

LED 1

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

high seas and establishing courts for receiving and determining finally appeals in all cases of captures. . . ." So much of the general admiralty and maritime jurisdiction as was not included in this grant of power remained with the states. The powers thus granted were in substance the same as those later conferred on the national government by Article 1, § 8 of the Federal Constitution. This section was adopted to carry out a resolution of the Convention "that the national legislature ought to possess the legislative rights vested in Congress by the Confederation." Its primary purpose and effect was to transfer to the newly organized government the powers in admiralty matters previously vested in the Confederation.[2]

[289 US 148]

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

<u>³ On June 5, 1787, Wilson stated to the Convention that he thought the admiralty jurisdiction should be given wholly to the national government</u>. Resolution XVI which was referred to the Committee on Detail on July 26th, provided that the jurisdiction of the national judiciary "shall extend to cases arising under laws passed by the general legislature and to such other questions as involve the natural peace and harmony." Wilson was one of the five members of the Committee on Detail, chosen on July 24th, which reported, August 6th, Article XI, <u>dealing with the jurisdiction of federal courts, and containing in § 3 a provision extending the jurisdiction of the Supreme Court "to all cases of admiralty and maritime jurisdiction" which was ultimately incorporated in § 2 of Article 3 of the Constitution, as finally adopted</u>. Madison's Diary, International Edition, pp. 61, 336, 317, 318, 344.

By. *Shane-Christopher : Buczek*

⇔90656-111⇔

Shane C Buczek
Executor of the Estate
Federal Correction Institution
P.O. Box 1000
Loretto, PA [15940] *of America*
United States

NoN Domestic Without the U.S.

LED                                                       1

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.