IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN JUDICIAL DISTRICT OF NEW YORK

―――――――――――――――――X

Shane C. Buczek, Pro Se,
Plaintiff

      v.

UNITED STATES OF AMERICA, et. al.,
Respondents

―――――――――――――――――X

09-CR-121



PLAINTIFF'S REPLY TO GOVERNMENT'S
RESPONSE OPPOSING PLAINTIFF BUCZEK'S
MOTION FOR RETURN OF PROPERTY PURSUANT TO
FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 41(g)
(Federal Rules of Evidence, Rule 301)

TO THE HONORABLE COURT:

HERE COMES NOW, Shane-Christopher: Buczek, Pro Se, Sui Juris, In Propria Persona, Plaintiff in the above entitled matter (hereinafter "Buczek"), to very respectfully move and request from this Honorable Court the following:

1. This motion is being respectfully submitted in reply to the government's response, filed on April 19, 2012, opposing return of Buczek's property pursuant to His FRCrP 41(g) motion filed on March 29, 2012.

2. Buczek is proceeding pro se and, as such, respectfully requests that His pleadings not be held to the stringent standards as an attorney's would be and to please afford Him the leeway mandated in Haines v. Kerner, 404 US 519, 520 (1972).

### Jurisdictional Statement

This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1355

## Summary of the Argument

Mr. Buczek seeks the return of His property purchased from Best Buy. It is undisputed that the government seized the property from Mr. Buczek's personal residence and that the Best Buy property is His property. Neither HSBC nor Best Buy made a claim for the return of the property in question. The government did not state that they were seeking forfeiture of property in the indictment pursuant to FRCrP 32.2.

The record evidence is insufficient to establish that the government followed proper forfeiture procedures established by Congress. The FBI "administratively forfeited" Buczek's tangible property purchased from Best Buy without any congressional authority to do so in violation of Mr. Buczek's Due Process Right reserved under the Fifth Amendment to the U.S. Constitution. As such, Mr. Buczek is entitled to the return of His property or to equitable relief in the form of a monetary judgment equal to the value of the property at the time He purchased it.

## Argument

**I.** THE AUTHORITIES CITED BY THE GOVERNMENT DO NOT VEST THE FEDERAL BUREAU OF INVESTIGATION (F.B.I.) WITH ANY AUTHORITY TO FORFEIT BUCZEK'S PROPERTY

A) The Tariff Act of 1930 does not authorize the F.B.I. to forfeit Buczek's property and is not applicable.

The government's reliance on Title 19 U.S.C. §§ 1602 through 1619, does <u>not</u> vest the F.B.I. with any forfeiture authority. Buczek seeks the return of His property purchased from the local

Best Buy store. See attached <u>Asset List</u>.

The property purchased from Best Buy did <u>not</u> pass through customs after Buczek purchased the items and, therefore, did <u>not</u> violate <u>any</u> "customs laws" and is <u>not</u> subject to seizure pursuant to the Tariff Act of 1930 (19 U.S.C. §§ 1602 et seq.).

The F.B.I. agents are <u>not</u> "customs officers" or "customs agents." See <u>19 C.F.R. § 24.16(7)</u>. Pursuant to <u>19 C.F.R.</u>, Part 8 - FBI Forfeiture Authority for Certain Statutes, no delegation of authority exists authorizing F.B.I. agents to have forfeited Buczek's property. See <u>section 8.1</u>, Definition, which states that "For the purpose of this part, the term <u>statutes</u> shall include the following statutes unless otherwise noted in this part" which does <u>not</u> identify or enumerate Buczek's criminal bank fraud statute (18 U.S.C. § 1344). <u>Section 8.2</u>, Designation of officials having seizure authority, states that "Agents of the Federal Bureau of Investigation are authorized to seize such property as may be subject to seizure <u>pursuant to statutes identified in § 8.1</u>." Title 18 U.S.C. § 1344 is <u>not</u> identified or enumerated anywhere within 19 C.F.R., Part 8.

Customs laws, and "customs agents" employed by the U.S. Customs Service are under the authority of the Secretary of The Treasury under the Department of The Treasury. The F.B.I. is <u>not</u> an agency under the Department of Treasury. See attached <u>U.S. Government Manual</u>, Exhibit 1. The FBI is an agency under the Department of Justice. See attached <u>U.S. Government Manual</u>, Exhibit 2.

B) Title 18 U.S.C. §§ 981 and 983, does <u>not</u> vest the F.B.I. with

(3)

any authority to forfeit Buczek's property.

The government's reliance on Title 18 U.S.C. §§ 981(a)(1)(C), and 983, does <u>not</u> vest the F.B.I. with any authority to forfeit Buczek's property. See <u>18 U.S.C. § 981</u>, Civil forfeiture, "(b)(1) [A]ny property subject to forfeiture to the United States under subsection (a) <u>may be seized by the Attorney General</u>." Although Title 21 U.S.C. § 871 vests the Attorney General with authority to delegate any of his functions to any officer or employee of the Department of Justice, that authority is not applicable in the instant case as Buczek was not charged or convicted with a drug crime. No other congressional authority exists authorizing the FBI or their agents power to forfeit Buczek's property pursuant to 18 U.S.C. § 1344.

The warrant requirements under the Federal Rules of Criminal Procedure, Rule 41 apply to civil forfeitures which, under paragraph (g) allow Buczek to petition this Honorable Court for the return of His property. See <u>18 U.S.C. § 981(b)(2)</u>.

It is clear that the general rules for civil forfeiture proceedings does <u>not</u> vest the F.B.I. with <u>any</u> forfeiture authority pursuant to the Tariff Act of 1930 (Title 19 U.S.C. §§ 1602 et seq.). See <u>18 U.S.C. § 983(i)</u>, Civil forfeiture statute defined, "In this section, the term "civil forfeiture statute"-- (2) does <u>not</u> include (A) the Tariff Act of 1930 or any other provision of law codified in title 19."

<u>II.</u> THE RECORD EVIDENCE IS INSUFFICIENT TO ESTABLISH THAT THE ADMINISTRATIVE FORFEITURE PROCEEDINGS EXECUTED BY THE FBI WERE

IN ACCORDANCE WITH GOVERNING LAW

IN ACCORDANCE WITH GOVERNING LAW

The administrative forfeiture procedures executed by the FBI were void of congressional authority and was not Due Process of Law under the <u>Fifth Amendment</u> to the U.S. Constitution which states in pertinant part that "No person shall...be deprived of...property, without due process of law; nor shall private property be taken for public use, without just compensation."

In her sworn affidavit, Mary C. Baumgarten, A.U.S.A. for the Western Judicial District of New York, states that "Rule 41(g) of the Federal Rules of Criminal Procedure does not provide authority for the relief requested, as the forfeiture was undertaken by administrative procedures <u>properly followed</u> by the FBI" and that "[T]he majority of the items seized during the execution of the federal search warrant on January 16, 2009, such as the appliances, desk, television, computer equipment, and the like, obtained from Best Buy, <u>have been administratively forfeited</u>." See <u>Affidavit of Mary C. Baumgarten</u>, A.U.S.A. ("AMCB"), ¶ 3, lines 1-9.

A.U.S.A. Baumgarten further states in her sworn affidavit that "[T]he record before this Court establishes that the property seized during the execution of the Search Warrant on January 16, 2009 <u>at 7335 Derby Road, New York</u>, has been forfeited to the United States <u>pursuant to Title 19</u>, United States Code, Section 1609, free and clear of any liens and encumbrances and <u>was disposed of in accordance with law</u>. As a result, the items sought by the defendant BUCZEK <u>properly</u> were forfeited administratively, and are no longer in the possession

(5)

of the United States." See AMCB, ¶ 4.

In the sworn affidavit of Jane M. Ross, F.B.I. Paralegal Specialist - Forfeiture, states that "During the execution of the Search Warrant, various items were seized by law enforcement officers as evidence, fruits and instrumentalities of a violation of Title 18, United States Code, Section 1344, namely the seizure of electronic, household and personal property pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 983, and Title 19, United States Code, Sections 1602 through 1619. See Affidavit of Jane M. Ross, F.B.I. Paralegal Specialist - Forfeiture ("AJMR"), ¶ 3, lines 1-7.

In the government's memorandum in opposition to Buczek's motion for return of property, filed by William J. Hochul, Jr., United States Attorney for the Western Judicial District of New York, the government states that "The FBI office in Buffalo, New York submitted a forfeiture report to FBI headquarters, which was reviewed for legal and factual sufficiency. Thereafter, the FBI proceeded in this case with administrative forfeiture of the items seized on January 16, 2009." See Response to Buczek's Motion for Return of Property, pages 3-4, Statement of the Facts, ¶ 1.

Although the government argues that Buczek did not properly respond or contest the administrative forfeiture, this argument is wholly without merit in light of the violation of Mr. Buczek's constitutional Due Process Right under the Fifth Amendment to the U.S. Constitution. See Johnson v. Zerbst, 304 US 458, 464, 82 LEd 1461 (1938):

Case 1:09-cr-00121-WMS-HKS   Document 326   Filed 04/30/12   Page 7 of 18

It has been pointed out that "courts indulge every reasonable presumption against the waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights."

The constitutional due process guaranty under the Fifth Amendment "would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution." id. at 465.

It is apparent that the only lawful authority to forfeit Buczek's property, pursuant to 18 U.S.C. § 1344, is vested in the Attorney General. However, the A.U.S.A., acting on behalf of the Attorney General, neglected to follow procedures established by Congress for the forfeiture of property pursuant to a violation of 18 U.S.C. § 1344. These procedures, established by Congress, for the forfeiture of property in accordance with governing law are enumerated in <u>Federal Rules of Criminal Procedure</u>, Rule 32.2, Criminal Forfeiture, which states that "(a) Notice to the defendant. [T]he indictment or information [must] contain[] notice to the defendant that the government will seek the forfeiture of property." Pursuant to <u>28 U.S.C. § 2072(b)</u>, "[A]ll laws in conflict with these rules shall be of no further force or effect after such rules have taken effect."

While Buczek does not dispute the authority of the FBI or U.S. Marshals to "seize" property in accordance with lawfully established procedures, He does dispute that no authority is vested in the U.S. Marshals to forfeit property at all, and the authority vested in the FBI to forfeit property does <u>not</u> encompass bank fraud crimes under Title 18 U.S.C. § 1344.

(7)

### III. MR. BUCZEK IS ENTITLED TO THE RETURN OF HIS PROPERTY

It is undisputed that the FBI "administratively forfeited" the tangible property Mr. Buczek purchased from Best Buy. Mr. Buczek contends that the FBI was without any congressional authority whatsoever to have forfeited His property purchased from Best Buy as argued in detail above. The fact that the government swears under oath that the Best Buy property in question is "no longer in the possession of the United States" see AMCB, ¶ 4, lines 8-9, and AJMR, ¶ 9, line 9, cannot cure the due process violation of Mr. Buczek's Right under the Fifth Amendment to the U.S. Constitution. The Best Buy items Mr. Buczek seeks to have returned or compensation for are not contraband, are not being used as evidence, see AMCB, ¶ 3, lines 5-9 and AJMR, ¶ 9, lines 7-9, is not suited for use in illegal activities and is not likely to be used to commit additional criminal acts if returned to the claimant. See 18 U.S.C. § 983(f).

The Best Buy merchandise was seized from Mr. Buczek's personal residence. The government admits in their sworn affidavits that "Neither HSBC nor Best Buy filed claims with the FBI" for the return of the Best Buy merchandise. See AJMR, ¶ 7, line 5. In truth and in fact Mr. Buczek's TRW report from Equifax shows a charge off from HSBC/ Best Buy in the amount of $10,954 and that the account was transfered/ sold.

It is apparent that not only did the FBI agents conspire to illegally and improperly forfeit Mr. Buczek's property in concert with the U.S. Attorney's office, but then never used

those proceeds to insure the debt was paid to Best Buy leaving Mr. Buczek not only still financially liable to Best Buy for the merchandise purchased, but also without the merchandise, for a total loss to Mr. Buczek of $12,184.70, double the cost of the merchandise. See attached <u>Asset List</u>.

It is not enough to say that the actions by the government employees was a wrong application of the law in light of the established doctrine of law that "everyone is presumed to know the law." [numerous citations omitted here]. The A.U.S.A.'s are "subject to State laws and rules, and local Federal court rules, governing attorney's in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorney's in that State" pursuant to the ethical standards established by Congress for attorneys for the Government. See <u>28 U.S.C. § 530B</u>. Mr. Buczek, and the Public at Large, have a constitutional Right to reasonably expect that the Federal Government employees enforcing the laws, and prosecuting Citizens for violations of those laws, know the laws which they themselves enforce.

To add insult to injury, a nominal restitution was imposed on Mr. Buczek in the amount of $8,882.39. One could easily argue that a financial burden of $21,067.09, more than three times the cost of the Best Buy merchandise, along with a prison sentence of 27 months, borders on, if not outright violates, Mr. Buczek's <u>Eighth Amendment</u> Right under the U.S. Constitution prohibiting that the no excessive fines shall be imposed nor cruel and

unusual punishment inflicted. See attached <u>Asset List</u>, <u>Equifax Report</u>, and <u>Criminal Monetary Penalties</u>. See also <u>United States v. Bajakajian</u>, 524 US 321 (1998)(Given that "instrumentality" forfeitures have historically been limited to the property actually used to commit an offense and no more, a forfeiture which reaches beyond this strict historical limitation is by that fact punitive and therefore subject to review under the Federal Constitution's Eighth Amendment clause prohibiting excessive fines).

## Conclusion

WHEREFORE, based on all the aforementioned reasons, and in the interest of justice, Mr. Buczek invites the government to submit a sur reply admitting error and return His Best Buy property forthwith or, alternatively, Mr. Buczek is praying that (1) since the government has sworn under oath that the United States no longer is in possession of the Best Buy property in question, that this Honorable Court convert the instant case into an equitable claim under Bivens; (2) that the Court award a monetary judgment to Mr. Buczek in the amount of $6,092.35; (3) that an investigation by the F.B.I., Office of Government Ethics, Office of Professional Responsibility, New York State Bar Association, and the American Bar Association, be ordered into the illegal forfeiture and conversion of Mr. Buczek's Best Buy property pursuant to 28 U.S.C. § 530B and other applicable criminal laws; and (4) for such other and further relief as this Honorable Court deems would be in the interests of justice.

VERIFICATION

I, Shane-Christopher: Buczek, Pro Se, Sui Juris, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statements of facts and laws are true and correct, to the best of My current information, knowledge and belief, and not meant to mislead, so help Me God, pursuant to 28 U.S.C. § 1746(1).

Dated this 26th day of April, 2012.

Respectfully submitted,
/s/ Shane-Christopher: Buczek, Pro Se

*[signature]*

Shane-Christpoher: Buczek, Pro Se,
Sui Juris, In Propria Persona,
Executor of the Estate of
SHANE C. BUCZEK, a U.S. Trust
Grantor/ Beneficiary/ Solvent
All Rights Reserved.
without Prejudice U.C.C. 1-308


PROOF OF SERVICE

I, Shane-Christopher: Buczek, Pro Se, Sui Juris, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, a Citizen of ONE OF the United States of America, expressly not a citizen of the "United States" (federal citizen), and that I personally served the following document(s):

> PLAINTIFF'S REPLY TO GOVERNMENT'S
> RESPONSE OPPOSING PLAINTIFF BUCZEK'S
> MOTION FOR RETURN OF PROPERTY PURSUANT TO
> FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 41(g)
> (Federal Rules of Evidence, Rule 301)

by placing one true and correct original of said document(s) in first class United States Mail with postage prepaid and addressed to the following:

Jean Marie McCarthy, Deputy Clerk
United States District Court
Western Judicial District of New York
2 Niagra Square
Buffalo, 14202
NEW YORK, USA


Government to be served
by Clerk of Court
per Court Order

                                            Dated this 26th day of April, 2012.
                                            Respectfully submitted,
                                            /s/ Shane-Christopher: Buczek, Pro Se

                                            by Shane Christopher Buczek
                                            Shane-Christpoher: Buczek, Pro Se,
                                            Sui Juris, In Propria Persona,
                                            Executor of the Estate of
                                            SHANE C. BUCZEK, a U.S. Trust
                                            Grantor/ Beneficiary/ Solvent
                                            All Rights Reserved
                                            without Prejudice U.C.C. 1-308

## ASSET LIST

Asset List for Declaration of Administrative Forfeiture

May 26, 2009 (12:18pm)

Seizure No.: 3110090013
Asset ID: 09-FBI-001246

| Qty | Item Description | Item Value | VIN/Serial No |
|---|---|---|---|
| 1 | 48'' steel/glass computer desk with file cart | $129.99 | LP20000003410600 |
| 1 | Samsung 52'' LCD TV | $1,819.99 | AL0T3CHQB01458R |
| 1 | SONY Portable CD/AM/FM Cassette Boom Box | $69.99 | 1215275 |
| 1 | Universal TV/Flat Panel TV Stand | $129.99 | N/A |
| 1 | Yamaha Home Theater System | $199.99 | T079018UW |
| 1 | Samsung 7.4 cf stainless steel super capacity | $1,295.99 | W03H54BQA00248X |
| 1 | Samsung 4.5 cf platinum stainless 14 cycle ste | $1,324.56 | W03954AQA0173F |
| 1 | Samsung Blu-Ray Player | $199.99 | 02RE6VCQ625598H |
| 5 | 5 Blu-Ray Discs | $122.95 | |
| 1 | Ultimate Matrix Blue-Ray Disc Collection | $99.99 | |
| 1 | Plantronics Voyager 520 Wireless Headset with | $89.99 | N/A |
| 1 | Apple Ipod with charger | $149.99 | 5U8392WV3QS |
| 1 | Magellan Maestro 4250 GPS | $329.99 | 0746319350756 |
| 1 | Kodak Camera with carrying case & 4GB memory c | $172.97 | N/A |
| 2 | 2 PNY notebook memory cards | $55.98 | na |

# DEPARTMENT OF THE TREASURY

**SECRETARY**

**DEPUTY SECRETARY**

- CHIEF OF STAFF
- EXECUTIVE SECRETARY
- GENERAL COUNSEL
  - DEPUTY GENERAL COUNSEL
  - LEGAL DIVISION

**UNDER SECRETARY FOR INTERNATIONAL AFFAIRS**
- ASSISTANT SECRETARY (International Affairs)
  - DEPUTY ASSISTANT SECRETARY (International Monetary and Financial Policy)
  - DEPUTY ASSISTANT SECRETARY (Developing Nations)
  - DEPUTY ASSISTANT SECRETARY (International Development, Debt and Environmental Policy)
  - DEPUTY ASSISTANT SECRETARY (Trade and Investment Policy)
  - DEPUTY ASSISTANT SECRETARY (Middle East and Energy Policy)
  - DEPUTY ASSISTANT SECRETARY (Eastern Europe and Former Soviet Union)

- ASSISTANT SECRETARY (Legislative Affairs)
  - DEPUTY ASSISTANT SECRETARY (Public Liaison)
  - DEPUTY ASSISTANT SECRETARY (Tax and Budget)
  - DEPUTY ASSISTANT SECRETARY (Finance)

- ASSISTANT SECRETARY (Public Affairs)
  - DEPUTY ASSISTANT SECRETARY (Public Affairs)

- ASSISTANT SECRETARY (Economic Policy)
  - DEPUTY ASSISTANT SECRETARY (Macro-economic Analysis)
  - DEPUTY ASSISTANT SECRETARY (Policy Coordination)

**UNDER SECRETARY FOR DOMESTIC FINANCE**
- FISCAL ASSISTANT SECRETARY
  - DEPUTY FISCAL ASSISTANT SECRETARY
    - DEPUTY ASSISTANT SECRETARY (Federal Finance)
    - DEPUTY ASSISTANT SECRETARY (Government Financial Policy)
- ASSISTANT SECRETARY (Financial Institutions)
  - DEPUTY ASSISTANT SECRETARY (Financial Institutions Policy)

**UNDER SECRETARY FOR ENFORCEMENT**
- ASSISTANT SECRETARY (Enforcement)
  - DEPUTY ASSISTANT SECRETARY (Law Enforcement)
  - DEPUTY ASSISTANT SECRETARY (Regulatory, Tariff and Trade Enforcement)
  - DIRECTOR, FINANCIAL CRIMES ENFORCEMENT NETWORK
- ASSISTANT SECRETARY (Tax Policy)
  - DEPUTY ASSISTANT SECRETARY (Tax Policy)
  - DEPUTY ASSISTANT SECRETARY (Tax Analysis)
- INSPECTOR GENERAL
  - DEPUTY INSPECTOR GENERAL

- ASSISTANT SECRETARY (Management)/CFO
  - DEPUTY ASSISTANT SECRETARY (Finance and Management)
  - DEPUTY ASSISTANT SECRETARY (Administration)
  - DEPUTY ASSISTANT SECRETARY (Information Systems)
  - DEPUTY CHIEF FINANCIAL OFFICER
- TREASURER OF THE UNITED STATES
  - DEPUTY TREASURER OF THE UNITED STATES

**TREASURY BUREAUS**
- OFFICE OF THE COMPTROLLER OF THE CURRENCY
- OFFICE OF THRIFT SUPERVISION
- FINANCIAL MANAGEMENT SERVICE
- BUREAU OF THE PUBLIC DEBT
- BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
- U.S. CUSTOMS SERVICE
- U.S. SECRET SERVICE
- FEDERAL LAW ENFORCEMENT TRAINING CENTER
- INTERNAL REVENUE SERVICE
- UNITED STATES MINT
- BUREAU OF ENGRAVING AND PRINTING

[1] Assistant Secretary (Management) is the Chief Financial Officer (CFO).



# EQUIFAX

**CREDIT FILE : January 7, 2011**
**Confirmation # 1006012539**

Dear Shane C Buczek:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 873-5435 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information
(For your security, the last 4 digit of account number(s) have been replaced by *)
(this section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | 1: 30-59 Days Past Due | 5: 150-179 Days Past Due | J: Voluntary Surrender |
| | 2: 60-89 Days Past Due | 6: 180 or More Days Past Due | K: Repossession |
| | 3: 90-119 Days Past Due | G: Collection Account | L: Charge Off |
| | 4: 120-149 Days Past Due | H: Foreclosure | |

>>> *We have researched the credit account. Account # - 169601-212448* The results are:* Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Beneficial National Bank, PO Box 15518, Wilmington DE 19850-5518 Phone: (302) 478-9056*

Hsbc Best Buy    90 Christiana Rd New Castle DE 19720-3118 (302) 478-9056

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Description |
|---|---|---|---|---|---|---|---|
| 169601-212448* | 09/2008 | $0 | $3,300 | | Monthly | 12 | Transfer/Sold |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymt Amount | Scheduled Paymt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 01/2011 | $0 | $0 | 12/2008 | $0 | $0 | 03/2009 | | 10/2009 | $10,954 | $0 | | | |

Current Status - Charge Off; Type of Account - Revolving; Type of Loan - Charge Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes After Resolution; Account Transferred or Sold; Charged Off Account; Account Closed By Credit Grantor;

| Account History with Status Codes | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 |
|---|---|---|---|---|---|---|
| | L | 5 | 4 | 3 | 2 | 1 |

Who is the Original Creditor?

Shane C Buczek
PO Box 93
Derby, NY 14047-0093

0009187000-820
0008820

100601253 9IGX-0009187000- 820 - 4832 - AS

P.O. Box 105518
Atlanta, GA 30348

Case 1:08-cr-00054-WMS Document 314 Filed 11/09/10 Page 5 of 6

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

KAH/pcd (PACTS #13615)

Judgment — Page 5 of 6

DEFENDANT: SHANE C. BUCZEK
CASE NUMBER: 1:08CR00054-001, 1:09CR00121-001, 1:09CR00141-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 250 | $ 0 | $ 8,882.39 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HSBC Bank | $8,882.39 | $8,882.39 | |
| TOTALS | $ 8,882.39 | $ 8,882.39 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

GA 119

On motion for return of property allegedly illegally searched and seized, government had burden of proving by preponderance of evidence voluntary consent to search or seizure. White Fabricating Co. v United States (1990, CA6 Ohio) 903 F.2d 404

## AMENDMENT 5

Criminal actions-Provisions concerning-Due process of law and just compensation clauses.

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person **be subject for the same offence to be twice put in jeopardy of life or limb**; nor shall be compelled in any criminal case to be a witness against himself, nor be **deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation**.

### RESEARCH REFERENCES

**Cross References**

Constitutional right to be informed of nature and cause of accusation, generally, USCS Constitution, Amendment 6

Prohibition against state's denial of due process or equal protection, USCS Constitution, Amendment 14

Grand jury procedure, generally, Rule 6, USCS Federal Rules of Criminal Procedure

Procedure as to indictment and information, generally, Rule 7, USCS Federal Rules of Criminal Procedure

USCONST                                                       1

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.